IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                           **CRIMINAL NO. 3:02CR55-02**
                                                    **(STAMP)**

**SHANNON JAMES BARNEY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On May 1, 2007, the above styled matter came before this Court for a Hearing on Revocation of Supervised Release. The defendant was present in person and by counsel, Brian C. Crockett. Assistant United States Attorney, Erin Reisenweber, appeared for Thomas Mucklow on the government's behalf.

## PROCEDURAL HISTORY

On February 7, 2005, the defendant was found in violation of the conditions of Supervised Release and his term of Supervised Release was revoked. The defendant was given an 11 month suspended sentence and continued under supervision.

On May 6, 2005, the defendant was found in violation of his Supervised Release and he was sentenced to a period of incarceration for 11 months, followed by a two year term of Supervised Release. He was re-leased onto Supervised Release on March 30, 2006.

On August 21, 2006, the defendant was found in violation of his Supervised Release and he was sentenced to a period of incarceration for 8 months, followed by 12 months of supervised release.

On April 17, 2007, this petition was filed. The Defendant appeared by summons on this 1st day of May, 2007 and waived his right to a preliminary examination and a final hearing in this matter.

**DISCUSSION**

After determining that the defendant had examined a copy of the petition with his attorney, the Court learned that an agreement had been reached between the United States and the defendant. The defendant agreed to serve five (5) months with four (4) months suspended in the Bureau of Prison's custody, with no supervised release to follow, in exchange for the defendant's admission to the allegations contained in the petition. In addition, the Defendant would be allowed to self report to the Eastern Regional Jail on May 31, 2007.

Before accepting the agreement, the Court asked the defendant whether he understood: 1) he had a right to a hearing at which the government would be required to establish the allegations of the petition by clear and convincing evidence; 2) he had a right to confront his accusers and cross-examine the witnesses presented by the United States; 3) he had a right to present witnesses and evidence and could elect to take the sand and testify in his own behalf or could elect to not take the stand; 4) he had a right to the assistance of counsel; and 5) if he waived the right to a hearing, no hearing would be held and the United States would not be required to produce any evidence or witnesses to prove the allegations in the petition and those allegations would be taken as admitted and true. The defendant stated he understood he was waiving those rights. Defendant's counsel, Brian C. Crockett, indicated that he believed that the defendant understood the agreement and the consequences of his plea. The Court accepted the defendant's waiver of the preliminary examination and final revocation hearing and accepted his admission of the petition's allegations.

## FINDINGS OF FACT AND CONCLUSIONS

This Court recommends the following findings of fact based upon clear and convincing proof from the uncontested and admitted allegations contained in the petition:

1. The defendant knowingly and voluntarily waived his rights and admitted guilt concerning the allegations in the petition dated April 17, 2007.

2. The defendant was released from the Bureau of Prisons on April 10, 2007. He reported to the probation office on April 10, 2007. The defendant was directed by this officer, through United States Probation Clerk Allman, to report on April 11, 2007, at 1:30 p.m. for sign up on Supervised Release. The defendant failed to report as directed on April 11, 2007, and he has failed to contact the undersigned officer..

3. These actions constitute violations of standard conditions #2 and #3 of the defendant's probation.

4. There is a preponderance of evidence proving the defendant violated the mandatory conditions of his term of probation that he report to the probation officer and submit a truthful and complete written report within the first five day of each month.

5. The defendant and the government have agreed that the defendant shall serve five (5) months with four (4) months suspended in the Bureau of Prison's custody, with no period of supervised release to follow and that the Defendant shall self report on May 31, 2007.

## RECOMMENDATIONS

This Court respectfully recommends the following:

1. The defendant's term of supervised release be revoked;

2. The district court should adopt the agreement between the defendant and the United States and sentence the defendant to five (5) months with four (4) months suspended in the custody of the Bureau of Prisons, with no period of supervised release to follow. The defendant shall self report on May 31, 2007.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit true copies of this Report and Recommendation to the defendant and all counsel of record herein.

**DATED** this 1st day of May, 2007.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE