**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                       **CRIMINAL NO. 3:02CR55-2**
                                                                             **(BAILEY)**

**SHANNON JAMES BARNEY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On July 25, 2007, the above styled matter came before the Court pursuant to a Petition for Warrant or Summons for Offender Under Supervision. The defendant was present and represented by counsel, Brian C. Crockett, Assistant Federal Public Defender. The government was represented by Thomas O. Mucklow, Assistant United States Attorney.

**I.**     **Procedural History**

On February 7, 2005, the defendant was found guilty of violating the conditions of supervised release and his supervision was revoked. He was sentenced eleven months imprisonment (suspended) and his term of supervision continued.

On May 6, 2005, the defendant was found guilty of violating the conditions of supervised release and his supervision was revoked. He was sentenced to eleven months incarceration, followed by a twenty-four month term of supervised release.

On August 21, 2006, the defendant was found guilty of violating the conditions of supervised release and his supervision was revoked. He was sentenced to eight months incarceration, followed

by a twelve month term of supervised release.

On April 17, 2007, another petition was filed recommending revocation of supervision based on Mr. Barney's failure to report to the probation office. On May 1, 2007, the defendant was found guilty of violating the conditions of supervised release and his supervision was revoked. Upon the parties' agreed recommendation, the Court sentenced the defendant to five months incarceration, four of which were suspended. No supervised release term was to follow. The defendant was allowed to self report to the Bureau of Prisons on May 31, 2007.

The defendant failed to report as required. Consequently, an arrest warrant was issued. The defendant was apprehended on July 24, 2007.

## II. Discussion

After determining that the defendant had consulted with his attorney, the Court learned that an agreement had been reached between the United States and the defendant. The defendant agreed to serve the full five month sentence imposed from the April 17, 2007, petition with no supervised release term to follow. In exchange, the government will not charge the defendant for failing to report as required. After a brief colloquy with the defendant, the Court determined that the defendant understood the agreement and its consequences.

## III. Findings of Fact and Conclusions

This Court recommends the following findings of fact based upon clear and convincing proof from the uncontested and admitted allegations contained in the petition:

1.  The defendant was ordered to self report on May 31, 2007, to the Eastern Regional Jail for service of sentence. The defendant failed to report as ordered.

2.  The defendant knowingly and voluntarily agreed to serve the full five month sentence previously imposed from the April 17, 2007, petition. In exchange, the

government will not indict the defendant for failing to report for service of sentence.

## IV. Recommendations

This Court respectfully recommends the following:

1. The original judgment of five months with four months suspended should be amended. The district court should adopt the agreement between the defendant and the United States and re-sentence the defendant to five months imprisonment with no period of supervised release to follow.

2. The defendant shall be remanded to the custody of the United States Marshals Service.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which the objection is made, and the basis for such objection. Failure to timely file objections will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2D 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit true copies of this Report and Recommendation to the defendant and all counsel of record herein.

**DATED** this 6th day of September, 2007.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE